NO. 07-03-0260-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 2, 2004



______________________________




NATHAN FELDER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 3539; HONORABLE RON ENNS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Appellant Nathan Felder previously submitted a motion requesting that we dismiss
his two appointed appellate counsel, who also represented appellant at trial, and allow him
to proceed with this appeal pro se. We denied the motion. Now pending before us are
appellant's second such motion, a motion to withdraw filed by appointed counsel, and
appellant's response to the motion to withdraw. We will deny both appellant's motion and
counsel's motion to withdraw.

 Our order denying appellant's first motion requesting permission to represent
himself cited the U. S. Supreme Court's opinion in Martinez v. Court of Appeal, 528 U.S.
152, 120 S. Ct. 684, 145 L. Ed. 2d 597 (2000) and Texas opinions including Cain v. State,
976 S.W.2d 228 (Tex.App.-San Antonio 1998, no pet.); Glenn v. State, No. 03-03-00212-CR, 2003 Tex. App. LEXIS 7082 (Tex.App.-Austin Aug, 6, 2003, no pet.) and Cormier v.
State, 85 S.W. 3d 496 (Tex.App.-Houston [1st Dist.] 2002, no pet.) for the conclusion that
appellant does not have a constitutional right to represent himself on appeal under either
the federal or Texas constitutions. In his second motion, appellant continues to assert that
he has such a right on appeal. He cites us to United States v. Davis, 269 F.3d 514 (5th Cir.
2001) and Manley v. State, 23 S.W.3d 172 (Tex.App.-Waco 2000, pet. ref'd). Both those
cases concern a criminal defendant's right of self-representation at trial, not on appeal.
They are not applicable to the present issue.

 Although we are not certain we fully understand appellant's response to his
counsel's motion to withdraw, the response does shed further light on appellant's reasons
for wanting to represent himself. We interpret much of what appellant says in the
response as speculation by appellant that his counsel will conclude no meritorious
appellate issues can be raised on his behalf and that his appeal is thus frivolous. Our
interpretation is supported by appellant's citation in the response to Johnson v. State, 885
S.W.2d 641 (Tex.App.-Waco 1994, pet. ref'd), an opinion discussing the obligations of
counsel and the appellate court under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L. Ed. 2d 493 (1967). Appellant's response further indicates that he is confusing the
motion to withdraw his counsel have filed with the motion to withdraw that accompanies
an Anders brief. Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.App.-Waco 1997, no pet.). 


 Appellant also suggests in the response that the issue of ineffective assistance of
counsel at trial should be raised on appeal, and speculates that counsel will be unwilling
to raise the issue.

 Our order denying appellant's first motion followed the analysis suggested by such
cases as Glenn and Cormier, and concluded that it would not be in appellant's best
interest, nor the interest of the State, for appellant to represent himself on appeal of his
capital murder conviction. Neither appellant's second motion nor his response to counsel's
motion to withdraw leads us to reach a different conclusion now. Appellant's speculations
about the issues counsel will raise in a brief submitted on his behalf may or may not be
warranted. If, as appellant suspects, counsel conclude that the appeal is frivolous and
submit an Anders brief, appellant will have the opportunity to respond to the brief. Wilson,
955 S.W.2d at 696-97. Nor do we see any basis at this point for speculation that counsel
will fail to raise on appeal any arguable issue by which appellant might be entitled to relief. 

 We note also that appellant has experienced a pattern of ambivalence about his
counsel during the course of this case. The appellate record reflects more than one
occasion on which appellant expressed dissatisfaction with counsel but, on questioning
by the trial court, indicated that he wanted counsel to continue to represent him. 

 For these reasons, we continue to be of the opinion that the interests of appellant
and the State are best served in this case by counsel's continued representation of
appellant. 

 The motion to withdraw filed by counsel states that counsel do not want to represent
appellant against his wishes, and points out that the rules of professional conduct may
prohibit their continued representation of appellant unless ordered to do so by a court. 
Tex. Disciplinary R. Prof'l Conduct 1.15(a)(3) and (c), reprinted in Tex. Gov't Code Ann.,
tit. 2 subtit. G app. A (Vernon1998) (Tex. State Bar R. art. X, § 9). In the present posture
of this case, and in view of our denial of appellant's motion, we will deny the motion to
withdraw and direct counsel to continue their representation. 

 Appellant's Second Motion to Dismiss Counsel on Appeal and Proceed Pro Se on
Appeal and counsel's Motion to Withdraw as Counsel are denied. Counsel's Third Motion
for Extension of Time to File Appellant's Brief is granted. The clerk's and reporter's records
having been filed, appellant's brief is due February 2, 2004. Absent exceptional
circumstances, no further extensions will be granted.


 Per Curiam

Do not publish.